Filed 3/18/21  In re Elina S. CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re ELINA S., a Person Coming Under the Juvenile Court Law. | B302800 |
| DEPARTMENT OF CHILDREN AND FAMILY SERVICES, | (Los Angeles County Super. Ct. No. 19CCJP05641A) |
| Plaintiff and Respondent, | |
| v. | |
| PETROS K., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Kristen Byrdsong, Commissioner.  Affirmed.

Jamie A. Moran, under appointment by the Court of Appeal, for Defendant and Appellant.

Rodrigo A. Castro-Silva, County Counsel, Kim Nemoy, Assistant County Counsel and William D. Thetford, Principal Deputy County Counsel, for Plaintiff and Respondent.

Petros K. (father) appeals from a December 4, 2019 dispositional order of the juvenile court, urging that the juvenile court abused its discretion by ordering him to drug test "upon reasonable suspicion of use." We conclude that father has forfeited the contention by failing to raise it in the trial court and, in any event, the contention lacks merit. We thus will affirm the dispositional order.

**FACTUAL AND PROCEDURAL BACKGROUND**

Elina S., born in October 2016, is the child of father and Mina G. (mother). On August 30, 2019, the Los Angeles County Department of Children and Family Services (DCFS) filed a juvenile dependency petition alleging that Elina was a dependent child pursuant to Welfare and Institutions Code[1] section 300, subdivisions (a) and (b), because (1) father and mother had a history of domestic violence, which placed Elina at risk of harm (counts a-1, b-1); (2) in 2019, father physically abused Elina by smothering her with a pillow (counts a-2, b-2); and (3) father had a history of substance abuse and was a current user of marijuana, which rendered him incapable of providing regular care of Elina (count b-3).

On December 4, 2019, the juvenile court sustained the domestic violence and child abuse counts of the petition (counts a-1, a-2, b-1, and b-2), but dismissed the substance abuse count (count b-3), finding that DCFS had not met its burden as to that count. The court then declared Elina a juvenile court dependent and ordered her removed from father and placed with mother under DCFS supervision.

---

[1]     All subsequent statutory references are to the Welfare and Institutions Code.

2

Before entering a case plan, the court asked whether any party wished to be heard. Father's counsel asked that the court consider a 26-week, rather than a 52-week, domestic violence program, but he did not ask the court to strike the drug-testing component of the proposed case plan. The court rejected counsel's request and ordered father to engage in a variety of services, including "on reasonable suspicion of use[,] on demand consecutive drug tests; if any test is missed or dirty, then full drug rehab program w/ random testing."

Father timely appealed from the December 4, 2019 dispositional order.

## DISCUSSION

Father's sole contention on appeal is that the trial court abused its discretion by ordering him to drug test because it dismissed the allegation of the petition alleging marijuana use. For the reasons that follow, father's contention lacks merit.

As a general rule, a party forfeits his or her right to challenge a ruling on appeal by failing to raise the issue in the trial court. (*In re S.B.* (2004) 32 Cal.4th 1287, 1293.) " '[A] reviewing court ordinarily will not consider a challenge to a ruling if an objection could have been but was not made in the trial court. [Citation.] The purpose of this rule is to encourage parties to bring errors to the attention of the trial court, so that they may be corrected. [Citation.]' [Citation.]" (*In re Daniel B.* (2014) 231 Cal.App.4th 663, 672; see also *In re A.C.* (2017) 13 Cal.App.5th 661, 671 [" ' "An appellate court will ordinarily not consider procedural defects . . . where an objection could have been but was not presented to the lower court by some appropriate method" ' "]; *In re Marriage of Hinman* (1997) 55 Cal.App.4th 988, 1002 [same].)

3

In the present case, although father was given the opportunity to challenge the proposed case plan, he did not challenge the order to drug test. Accordingly, he failed to preserve this issue for appeal.

In any event, even were we to reach the issue on the merits, we would find no abuse of discretion. (See *In re K.T.* (2020) 49 Cal.App.5th 20, 25 [disposition case plan reviewed for abuse of discretion]; *In re Gabriel L.* (2009) 172 Cal.App.4th 644, 652 [same].) The juvenile court has "wide latitude" in making orders for the well-being of the child and "is not limited to the content of the sustained petition when it considers what dispositional orders would be in the best interests of the children. (*In re Rodger H.* (1991) 228 Cal.App.3d 1174, 1183; *In re Christopher H.* [(1996)] 50 Cal.App.4th [1001,] 1006–1008.)" (*In re Briana V.* (2015) 236 Cal.App.4th 297, 311.) Instead, "the court may consider the evidence as a whole." (*Ibid.*)

Thus, in *In re Briana V., supra*, 236 Cal.App.4th 297, the Court of Appeal held that the juvenile court had not abused its discretion by ordering the father to complete sexual abuse counseling, even though physical abuse, not sexual abuse, precipitated DCFS's involvement with the family. The court noted that although there was no evidence that the father had sexually abused his daughters, he had a prior conviction for rape and was a registered sex offender. (*Id.* at pp. 300–301, 307.) Under those circumstances, the Court of Appeal said, "we cannot say that the juvenile court's order requiring father to attend sexual abuse counseling was beyond the bounds of reason." (*Id.* at p. 312.)

The court similarly concluded in *In re Christopher H., supra*, 50 Cal.App.4th 1001. There, the juvenile court dismissed

4

an allegation that the father's alcohol abuse had placed his child at risk of harm, but it nonetheless ordered the father to submit to drug and alcohol testing as a condition of reunification. The father challenged the order, urging that the drug or alcohol testing condition imposed was beyond the court's jurisdiction because the court found unproven the allegation that the father's alcohol-related problems negatively affected his ability to care for the child. (*Id*. at p. 1006.) The Court of Appeal disagreed and affirmed. It explained: " ' "[A] reunification plan formulated to correct certain parental deficiencies need not *necessarily* address other types of conduct, equally deleterious to the well-being of a child, but which had not arisen at the time the original plan was formulated." ' [Citation.] However, when the court is aware of other deficiencies that impede the parent's ability to reunify with his child, the court *may* address them in the reunification plan." (*Id*. at p. 1008, some italics added.)

In the present case, there was some evidence that father used marijuana: In August 2019, mother told a children's social worker that father used marijuana, which she believed was causing him to behave aggressively; and in October 2019, mother said she suspected father might be using drugs because he exhibited "random mood swings." Although the trial court concluded mother's statements were too equivocal to support a jurisdictional finding, the juvenile court did not abuse its discretion by ordering father to drug test *if* (and only if) DCFS had reason to suspect he was under the influence of drugs.

The present case is unlike *In re Jasmin C.* (2003) 106 Cal.App.4th 177, on which father relies. There, the juvenile court asserted jurisdiction over a child based on a violent rampage by her father, which led to his arrest. On appeal, the

5

child's mother did not challenge either the assumption of jurisdiction or many elements of the case plan, but she urged she should not be required to attend parenting classes because there was no evidence her parenting was deficient. The Court of Appeal agreed and reversed the order requiring the mother to take parenting classes, noting that the mother "did not abuse her children, fail to protect them, or engage in any other inappropriate behavior. Father's rampage was an isolated incident perpetrated by only him, during which mother immediately interceded, physically restrained and calmed him, and directed another to call the police." (*Id.* at p. 181.) Under these circumstances, the court found no basis to require the mother to attend parenting classes.

The present case is distinguishable from *Jasmin C.* Unlike *Jasmin C.*, in which there was no evidence that the mother's parenting was deficient in any way, there is some evidence in the present case that father may be using marijuana. Although that evidence did not support an independent count of the petition, it *did* support the court's order that father be required to drug test upon a reasonable suspicion that he was under the influence of marijuana or other drugs.

## DISPOSITION

The dispositional order is affirmed.

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

EDMON, P. J.

We concur:

LAVIN, J.

SALTER, J.*

---

\*     Judge of the Orange County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

7